UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT HOLLIS,<br>    *Plaintiff*, | )<br>)<br>) |
| *vs.* | )    1:09-cv-01178-WTL-JMS<br>) |
| DEFENDER SECURITY COMPANY,<br>    *Defendant*. | )<br>)<br>) |

# ORDER

Presently before the Court are two related motions. The first is Plaintiff's Motion to Exclude Witnesses and Exhibits (the "Motion to Exclude"). [Dkt. 35.] The second is Defendant's Motion to Extend Date by Which Initial Disclosures Were Due and Render Moot Plaintiff's Motion to Exclude (the "Motion to Extend"). [Dkt. 36.]

## BACKGROUND

The two motions grow out of Defendant's failure to serve initial disclosures by the January 21, 2010 deadline in the case management plan ("CMP"). (After the parties submitted competing case management plans, they were ordered to submit a jointly prepared CMP, which was approved on January 22, 2010.. [Dkt. 30 at 2.]) Defendant realized its oversight on February 11, 2010 and immediately served the disclosures—apparently without any prompting from Plaintiff. On February 23, Plaintiff then filed his Motion to Exclude. Plaintiff asked the Court to apply, as it has done before, the Seventh Circuit rule that a failure to timely make initial disclosures compels the "automatic and mandatory" sanction of Federal Rule of Civil Procedure 37(c)(1): exclusion of the belatedly disclosed evidence, *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). *McGuire v. Carrier Corp.*, 1:09-cv-00315-WTL-JMS, dkt. 32 at 3 (Oct. 30, 2009), *aff'd by* dkt. 44 (S.D. Ind. Jan. 13, 2010).

In the face of Plaintiff's motion, Defendant filed the Motion to Extend. It asks the Court to retroactively extend the CMP's deadline for initial disclosures to February 11, thereby rendering Defendant's disclosures timely. It explains that the CMP was entered one day after the disclosure deadline. Although the competing CMP deadlines had been proposed nine days before the initial pretrial conference, held on January 12, no one noticed that the later joint CMP included a deadline that had already passed. And once the CMP was adopted, Defendant's counsel didn't calendar the already passed deadline.

## DISCUSSION

Although the two motions at issue here have slightly different standards, it makes no difference which motion the Court addresses first. Both standards lead to the same conclusion: Defendant should be permitted to make its initial disclosures.

Rule 37(c)(1), which governs the Motion to Exclude, calls for no sanction here. Its automatic sanction of exclusion only applies where the non-disclosing party either fails to prove that the late disclosure was either "substantially justified" or "harmless." Fed. R. Civ. Pro. 37(c)(1). In *McGuire*, the Court imposed the sanction because the non-disclosing party failed to argue that either exception applied. *McGuire*, 1:09-cv-00315-WTL-JMS, dkt. 32 at 3 ("As Plaintiff hasn't even attempted to invoke either of those [Rule 37(c)(1)] exceptions, the sanction that Court must impose for Plaintiff's disregard of the August 21 disclosure deadline is automatic and mandatory." (quotation omitted)). Here, however, Defendant has argued that the short delay in disclosure, coming at the beginning of the case, was harmless. While Plaintiff complains that Defendant hasn't produced any evidence to establish harmlessness, the Court finds that Defendant's uncontestable appeal to the infancy of this case suffices—particularly given that

Plaintiff's reply makes no attempt to articulate any prejudice to Plaintiff. [*See* dkt. 38 at 2].[1] Thus, because the delay was harmless, the Court cannot impose the sanction of exclusion that Plaintiff seeks.

Rule 16(b)(4), which governs the Motion to Extend, also precludes the sanction of exclusion. It requires a Court to modify a CMP upon a showing of "good cause." Fed. R. Civ. Pro. 16(b)(4). Defendant's diligence—demonstrated by its independent discovery of its oversight, shortly after the deadline had passed—constitutes one such, very important, factor. *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (explaining the special weight afforded to this factor). Another factor is the lack of prejudice to Plaintiff, discussed above. *Kortum v. Raffles Holdings, Ltd.*, 2002 U.S. Dist. LEXIS 21252, at *17 (N.D. Ill. 2002) ("Rule 16 can and does consider prejudice as part of its 'good cause' analysis."). Also relevant is the fact that Defendant couldn't have actually complied with the Court-ordered deadline, even if it wanted to, because that deadline had already passed before the CMP issued. In such a circumstance, the Defendant shouldn't be punished for failing to comply with an impossible order. *Cf. United States v. Rylander*, 460 U.S. 752, 757 (1983) ("In a civil contempt proceeding such as this, of course, a defendant may assert a present inability to comply with the order in question…. Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action." (emphasis and citation omitted)). All these factors collectively establish the requisite good cause to amend the CMP and accept as timely Defendant's initial disclosures.

---

[1] Because the exceptions in Rule 37(c)(1) are disjunctive, the Court needn't consider Defendant's alternative argument that the delay was "substantially justified," a standard that is, in any event, very similar to the "good cause" standard that governs the Motion to Extend.

**CONCLUSION**

Accordingly, the Court **DENIES** the Motion to Exclude [dkt. 35] and **GRANTS** the Motion to Extend [dkt. 36].

SO ORDERED: 03/19/2010

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Brett Edward Buhl
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brett.buhl@odnss.com

Steven F. Pockrass
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
steven.pockrass@ogletreedeakins.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com

David E. Wright
KROGER GARDIS & REGAS LLP
dew@kgrlaw.com